IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY M. NICKOLITE,

        Plaintiff,

        v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

        Defendant.

_____

Civ. No. 3:13-cv-02163-MC

OPINION AND ORDER

MCSHANE, Judge:

      Plaintiff Jeffrey Nickolite brings this action for judicial review of the Commissioner's decision denying his application for disability insurance benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

      Plaintiff applied for benefits on December 21, 2005, alleging onset of disability beginning June 1, 2000. TR 216.[1] Following a hearing before an administrative law judge ("ALJ"), the ALJ issued a decision on March 24, 2009 finding plaintiff not disabled. TR 123.

_____

[1] "TR" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

Plaintiff requested review by the Appeals Council ("AC"), who remanded the matter to the ALJ with instructions (the "remand order"). TR 134 - 38.

On remand from the AC, the ALJ held a second hearing on June 7, 2012. TR 183. In a second decision dated June 28, 2012, the ALJ again found plaintiff was not disabled. TR 48. The AC denied plaintiff's request for review, making the ALJ's second decision the Commissioner's final decision. TR 2, 48. Plaintiff now seeks judicial review of the final decision. For the reasons stated below, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is

2 – OPINION AND ORDER

capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 15, 2005, the date of his application. TR 53. At step two, the ALJ determined that plaintiff's lumbar degenerative disc disease, residuals of left anterior cruciate ligament repair, residuals of right hand fracture, antisocial personality disorder, and substance abuse were severe impairments. *Id.*

At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the severity of one of the listed impairments in 20 C.F.R. § 404, subpt. P, app. 1. TR 54. Between steps three and four, the ALJ determined that plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967 except that he should never climb ladders, ropes, and scaffolds. TR 55. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and handle with the right hand. *Id.* He can tolerate no more than superficial interactions with others with no close cooperation or coordination. *Id.*

At step four, the ALJ found that plaintiff could not perform his past relevant work as a welder. TR 59. At step five, The ALJ found that there were jobs that existed in significant numbers in the national and regional economy that plaintiff was capable of performing, specifically the occupations of laundry sorter and small products or bench assembler. TR 60. Thus, the ALJ concluded that plaintiff was not disabled as defined by the Social Security Act.

Plaintiff argues the ALJ erred by: (1) failing to follow the AC's remand order; and (2) failing to properly consider Plaintiff's limitations. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

3 – OPINION AND ORDER

1.  **Compliance with the Appeals Council Remand Order.**

Plaintiff argues that the ALJ erred by not following the AC's remand order. When the Commissioner responded by noting this is not an issue properly before the court, Plaintiff responded by slinging mud. *See* Reply, 2 ("[T]he Commissioner's admitted inability to understand the argument does not speak well for her.").[2] Plaintiff argues the Commissioner "wastes the Court's time, as the Supreme Court long ago decided" that an ALJ's failure to follow a remand order constitutes legal error. *Id.* (citing *Sullivan v.* Hudson, 490 U.S. 877, 866 (1989). *Hudson*, however, dealt with the failure to follow a district court's remand order and not, as in this instance, an alleged failure to follow remand instructions from the AC. 490 U.S. at 866.

Here, once the AC denied plaintiff's request for review, the ALJ's June 28, 2012 decision became the "final decision" of the Commissioner. *Sims v. Apfel*, 530 U.S. 103, 107 (2000). Under 42 U.S.C. § 405(g) the Social Security Act, the district court has jurisdiction to review any "final decision" of the Commissioner. *Banta v. Sullivan*, 925 F.2d 343, 344 (9th Cir. 1991). Accordingly, the issue before this Court is not necessarily whether the ALJ complied with the AC's remand instructions, but whether the ALJ's June 28, 2012 decision is based on substantial evidence and is free of legal error. *Wentzek v. Colvin*, 2013 WL 4742993 *4 (D. Or.); *Przychocki v. Colvin*, 2014 WL 3695484 *4 (D. Or.).[3]

---

[2] Neither party is innocent. *See* Resp. 11 ("Thus, it appears that once again, Mr. Nickolite is confused in this matter."). Both sides would be well served to focus solely on the legal arguments.

[3] Plaintiff's argument regarding the remand order is somewhat muddled. At times, Plaintiff "expressly notes that he is not asking this Court to review the Appeals Council Order; he is, of course, asking the Court to review the sufficiency of the resulting ALJ decision." Pl.'s Opening Brief, 6. But throughout the briefings, plaintiff argues reversal is warranted because the ALJ failed to follow the remand order. *See* Pl.'s Opening Brief, 2 ("The ALJ erred by failing to follow the remand order . . ."); 7 ("Despite this clear direction [from the AC], the ALJ failed to order an additional consultative examination."); 7 ("The ALJ failed to explain why he simply ignored the remand order in this regard. This case should be remanded with instructions to a new ALJ . . . to comply with the remand order."); 7 ("It is evident that the ALJ failed to further develop this record as he was ordered to do[.]"); Plaintiff even labels the heading of one section of his argument "The ALJ Failed to Follow the Remand Order." Pl.'s Opening Brief, 6; Reply, 2. As discussed above, Plaintiff's arguments as to the AC's remand order are neither here nor there. This

4 – OPINION AND ORDER

**2. Free of Legal Error and Based on Substantial Evidence.**

Plaintiff argues that the ALJ did not properly consider his mental health conditions, obesity, and/or right hand limitations. I address each in turn.

*a. Mental Health Conditions*

Plaintiff argues that the ALJ failed to properly consider his severe mental health conditions. An ALJ "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." 20 C.F.R. § 404.1520a(e)(4). Where there exists conflicting medical evidence, the ALJ is charged with determining credibility and resolving any conflicts. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id*. (quoting *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir.2009)).

Here, the ALJ properly considered Plaintiff's mental health conditions. The ALJ concluded that Plaintiff's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.08 and 12.09. TR 54. The ALJ based his determination on Plaintiff's medical records and the opinions of medical professionals.

In December 2007, Mental Health Evaluator Paula Casner performed a counselling intake evaluation for Lifeworks. TR 536-49. She gave Plaintiff a global assessment of functioning of 50, which indicates serious symptoms or serious impairments. TR 57-58. The ALJ assigned only "some weight" to Ms. Casner's analysis because it was inconsistent with her noted

court merely reviews the final decision of the Commissioner, and determines whether it is based on substantial evidence and free of legal error.

observations.  *Id*. This determination  is supported by the record. For example, Ms. Casner noted

Plaintiff: was well oriented as to person, place, time and situation; had excellent short and long

term memory; had excellent attention and concentration; "had a good fund of knowledge"; easily

engaged in abstract thought; and responded appropriately to social cuing. TR 544.  These

observations are in fact inconsistent with Ms. Casner's GAF of 50. As discussed below, the ALJ

accorded more weight to other opinions  in the record, and provided  specific and legitimate

reasons for weighing the opinions  regarding Plaintiff's  mental health.

   In November 2011, Dr. McKenna reviewed Plaintiff's history  of mental health conditions

and performed a consulting  psychological evaluation.  TR 515-31.  She concluded that Plaintiff

had some moderate limitations,  but her conclusions  would change if Plaintiff stopped all

substance use. TR 58.  As noted by the ALJ, Dr. McKenna concluded  Plaintiff had a high

average full IQ, could function  at a higher level, and could work in an independent  setting with

some moderate limitations.  TR 58.  The ALJ assigned "significant  weight" to Dr. McKenna's

analysis because it was based on accepted measures of intellectual  functioning,  and it was

consistent with both the objective medical evidence and Plaintiff's daily activities.  *Id*.

   Finally,  in June 2012, Dr. Moore appeared as an impartial  medical expert during the

second ALJ hearing. TR 73-81.  She concluded that Plaintiff's  impairments  limit his social life,

but are not severe enough to meet or equal any listing.  TR 59.  The ALJ assigned "significant

weight" to Dr. Moore's opinion  because she was the only  medical professional  who reviewed all

of the evidence and testimony,  and her opinion  is consistent with the evaluation  from Dr.

McKenna. *Id*.

   The ALJ reviewed the evidence of Plaintiff's  mental health conditions  and reasonably

concluded that Plaintiff had no restrictions in daily living,  moderate difficulty  in social

functioning, mild difficulty with regard to concentration, persistence or pace, and no episodes of decompensation. TR 55. The ALJ's decision included specific findings as to the degree of limitation in each of the functional areas. *See Chaudhry*, 688 F.3d at 672. This decision was free of legal error and supported by substantial evidence in the record.

### b. Obesity

Plaintiff apparently argues that the ALJ failed to properly consider his obesity throughout the sequential disability analysis. In his opening brief, Plaintiff states "The ALJ made not one mention of obesity in his 2012 decision." Pl.'s Opening Br., 7. The ALJ, however, specifically mentioned and considered Plaintiff's obesity in the step two analysis. TR 54 ("Though the claimant's body mass index is 35.9, no medical provider indicated that obesity has caused functional limitations.").[4] The ALJ's statement is correct.

Additionally, examining physician Dr. King noted Plaintiff weighed 247 pounds, TR 389, before opining as to Plaintiff's RFC, TR 391-92. The ALJ gave Dr. King's opinion "significant weight." TR 57. The ALJ provided support for his determination that, contrary to Dr. King's opinion that Plaintiff could stand and walk for four hours per work day, Plaintiff could stand and walk six hours per work day. TR 57.

In finding Plaintiff not entirely credible as to his reports of disabling pain, the ALJ relied in part on the fact that Plaintiff acted as a caretaker for his pregnant girlfriend. TR 56. The ALJ's finding stems from Plaintiff's own testimony during the January 7, 2009 hearing before the ALJ. At that hearing, Plaintiff weighed approximately 270 pounds. TR 91. Despite his

---

[4] There are several similar errors in Plaintiff's briefings. For instance, Plaintiff argues the ALJ violated the AC's remand order by failing to order an additional psychological evaluation. Pl.'s Opening Br., 7. Dr. McKenna, however, performed a psychological evaluation of Plaintiff on November 11, 2011, after the AC remanded the case. TR 515. The ALJ, in his second decision, gave Dr. McKenna's opinion significant weight, explaining Dr. McKenna's finding in detail at some length. TR 58. Plaintiff's bald assertion that the ALJ failed to obtain an additional psychological evaluation is simply incorrect.

weight, Plaintiff admitted to "pretty much" acting as his pregnant girlfriend's caregiver. TR 109. Plaintiff's girlfriend received disability benefits at the time. TR 109. Plaintiff stated taking care of her was a 24 hour per day job, and was "a lot of work." TR 109. Plaintiff's own testimony supports the ALJ's conclusion (which in turn relies on the medical record) that Plaintiff's obesity does not result in any functional limitation outside those in the ALJ's RFC.

The Commissioner evaluates each case based on the information in the case record but will not make assumptions about the severity or functional effects of obesity combined with other impairments. SSR 02-1P (2002), 2002 WL 34686281, at *6. The claimant, not the ALJ, bears the burden of demonstrating a impairment meets or equals a listing impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). As in *Burch*, Plaintiff here "does not specify which listing she believes she meets or equals." *Id*. Furthermore, he does not set forth any evidence which would support the diagnosis and findings of a listed impairment. 20 C.F.R. § 404.1525(d); *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (the ALJ's failure to consider equivalence was not reversible error because the claimant did not offer any theory, plausible or otherwise, as to how his impairments combined to equal a listing impairment).

The ALJ relied on the medical record to conclude that Plaintiff's obesity is not a severe limitation and does not cause any additional functional limitations. TR 54. "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch*, 400 F.3d at 683.

Finally, the ALJ did not err in assessing Plaintiff's RFC. In assessing RFC, the ALJ must consider limitations, severe or not, imposed by all of a claimant's impairments. SSR 96-8p, 1996 WL 374184. The ALJ's RFC must only incorporate limitations that are supported by substantial

8 – OPINION AND ORDER

evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001). The ALJ thoroughly described the medical evidence and opinions. The ALJ supported his conclusion that Plaintiff's reports of pain were not credible. Plaintiff points to no specific error in the ALJ's RFC, and I find none. Importantly, Plaintiff has not set forth, and there is no evidence in the record, of any functional limitations as a result of his obesity that the ALJ failed to consider. The ALJ did not err in concluding that Plaintiff's obesity does not meet or equal a listed impairment, or in formulating Plaintiff's RFC. *See Burch*, 400 F.3d at 683-84 (upholding ALJ's RFC determination when plaintiff failed to present any functional limitation caused by obesity, and the record contained no evidence of any such limitations).[5]

### c. *Right Hand Limitation*

Plaintiff argues that the VE's occupational evidence conflicts with the ALJ's hypothetical and the *Dictionary of Occupational Titles* ("DOT"). Occupational evidence provided by VE generally should be consistent with the occupational information supplied by the DOT. SSR 00-4p (2000), 2000 WL 1898704, at *2. An ALJ may rely on VE occupational evidence which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). The adjudicator has an affirmative responsibility to ask the VE if the evidence he or she provided is consistent with the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1152 - 53 (9th Cir. 2007). When there is an apparent unresolved conflict between the VE evidence and the DOT, the adjudicator must elicit a

---

[5] Plaintiff appears to argue that it was error for Plaintiff's own counsel to inquire of the VE whether Plaintiff's obesity would preclude any of the work the VE testified Plaintiff could perform. I am puzzled by this assignment of error. Plaintiff is correct that it is not the VE's duty to determine whether a claimant's obesity results in functional limitations. That duty falls to the ALJ, who in fact made that determination in this instance. Plaintiff's argument here appears to be intertwined with the argument that the ALJ failed to follow the remand order from the AC. As described above, however, the issue before this Court is not necessarily whether the ALJ complied with the AC's remand order, but whether the ALJ's June 28, 2012 decision is based on substantial evidence and is free of legal error.

reasonable explanation for the conflict before relying on the VE evidence to support a determination about whether a claimant is disabled. *Id*. (quoting SSR 00-4p (2000), 2000 WL 1898704, at *2). Here, this Court does not find an apparent conflict between the VE's occupational evidence and the ALJ's hypothetical or the DOT.

The ALJ concluded that Plaintiff can "occasionally" handle with the right, dominate hand because of an improperly healed fracture. TR 55. Dr. King's physical examination of Plaintiff supports the ALJ's conclusion. She stated that Plaintiff has an acute right hand fracture that could be fixed with surgery. TR 392. The ALJ's determination is also consistent with Plaintiff's testimony at the hearing. TR 94-95. Because there is no evidence to suggest Plaintiff's right hand limitations are more severe, the ALJ's determination that Plaintiff can "occasionally" handle with his right hand is reasonable and supported by the record.

The hypothetical posed by the ALJ to the VE properly accounted for Plaintiff's limitations, including "occasional" right hand use. TR 82 - 83. Based on the hypothetical, the VE proffered two jobs that require "frequent" handling. *Id*. The two jobs proffered were laundry sorter and small products or bench assembler. *Id*. Consistent with *Massachi*, the ALJ asked the VE if the jobs he described were consistent with the DOT and the VE stated there was no conflict. TR 83. The question is whether an apparent conflict exists between the VE's occupational evidence and the DOT.

A conflict is "apparent" when it is "manifest" or "obvious." *Sterba v. Colvin*, 2014 WL 7228989, at *2 (D. Or. Dec. 16, 2014); See BLACK'S LAW DICTIONARY 105 (8th ed.2004).   An apparent conflict does not automatically exist when the DOT is silent to the specific task asserted in a hypothetical to the VE. *See Ketelboeter v. Astrue,* 550 F.3d 620 (9th Cir. 2008) (DOT

description of frequent reaching does not conflict with hypothetical limitation regarding overhead reaching).

Here, there is no apparent conflict between the VE's occupational evidence and the DOT. SSR 85-15 defines "handling" as "seizing, holding, grasping, turning or otherwise working primarily with the whole *hand or hands*." SSR 85-15(1985), 1985 WL 56857 at *7 (emphasis added). The DOT does not specify whether bilateral handling is required to perform the jobs of laundry sorter or small parts or bench assembler. *DOT* § 361.687-014, *available at* 1991 WL 672991; *DOT* § 706.684-022, *available at* 1991 WL 679050. It is clear from the record that Plaintiff has limited use of his right hand but full use of his left hand. Because the DOT is silent as to whether the two jobs require bilateral handling, and because Plaintiff never raised this issue during the administrative hearings, there is no apparent conflict.[6] The essence of Plaintiff's argument, that no restrictions on one hand, and occasional limitations on the other, equals occasional limitations on both hands, is meritless. This is especially true when the ALJ expressly describes to the VE the unique limitation here, involving only Plaintiff's pinky and ring finger on his right hand. TR 116.[7]

/ / / /

/ / / /

/ / / /

/ / / /

---

[6] *See Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000) (claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to mention in the administrative hearing).

[7] I note that contrary to Plaintiff's argument, had the ALJ erred here, remand for award of benefits is not appropriate in this case. This is not the unusual instance "where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Even assuming a conflict between the VE's testimony and the DOT, there are significant questions as to whether Plaintiff is disabled under the regulations based on the RFC determined by the ALJ.

## <u>CONCLUSION</u>

The ALJ's determination that plaintiff could perform past work is supported by the record and free of legal error. The Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.


DATED this 30th day of March, 2015.


_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge